## American Surety Company of New York v. McSpadden.

*Practice, C. P.—Court may postpone decision of legal questions raised by statutory demurrer until after jury trial—Practice Act of May 14, 1915.*

When a question of law in the nature of a demurrer is raised by the affidavit of defence and the matter is brought before the court for disposition, under section 20 of the Practice Act of May 14, 1915, P. L. 483, the court may postpone decision of the questions of law until the issues of fact shall have been determined by a jury. This is a proper exercise of the discretion of the court, as it affects the order of procedure, but not the rights of the parties.

Statutory demurrer. C. P. Somerset Co., Dec. T., 1923, No. 181.

*E. E. Kiernan,* for plaintiff; *Ogle, Kooser & Kooser,* for defendant.

BERKEY, P. J., June 7, 1924.—This is an action in *assumpsit,* in which the plaintiff seeks to recover from the defendant as one of the indemnitors in an agreement between the plaintiff and the defendant, entered into Sept. 23, 1916. The basis of this claim is set forth in a statement filed by the plaintiff Nov. 5, 1923. The defendant filed an affidavit of defence Dec. 8, 1923, whereupon the plaintiff moved for judgment for want of a sufficient affidavit of defence. The rule issued thereupon was dismissed by the court. This was followed by the defendant moving the court for judgment in favor of the defendant on questions of law raised in the affidavit of defence. The record standing in this position, the questions of law in the nature of a demurrer were argued by counsel, bringing the matter before the court for disposition under section 20 of the "Practice Act of 1915."

An inspection of the plaintiff's statement and the paper filed Feb. 18, 1924, calling attention to the questions of law raised in the affidavit of defence, constrains the court to postpone decision on the questions of law in the nature of demurrer until after the issues of fact are determined by a jury. This action by the court affects but the order of proceeding, not the right of the parties, and as the court views the case from the pleadings on file, it is a proper exercise of its discretion: Marseilles v. Kenton's Executors, 17 Pa. 238; Com. v. Porter, 33 Pa. 82 (note).

It is true since the above decisions were rendered, the Practice Act of 1887 and the "Practice Act of 1915" have been passed, but a careful reading of the 20th section of the "Practice Act of 1915," we think, in no wise disturbs the rulings in the earlier cases cited.

### Decree.

Now, June 7, 1924, the court postpones decision on the question of law in the nature of demurrer raised by the defendant until after the issues of fact are determined by a trial; and the case is remanded to the trial list, to be placed upon the term calendar when reached under the rules of this court.

From Daryle R. Heckman, Somerset, Pa.